IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SAMUEL J. BOSWELL, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **7:04-CV-129 (RLH)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed an application for disability and disability insurance benefits on July 30, 2002; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 9, 2004. In a decision dated May 17, 2004, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

   20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of a history of seizures and a mild cognitive impairment, but that plaintiff retained the residual functional capacity to perform work at all exertional levels; but is moderately limited in his ability to understand, remember, and carry out detailed instructions; has a marked inability to understand, remember, and carry out complex instructions; is restricted to simple unskilled tasks; and is precluded from operating motor vehicles or power equipment.

Plaintiff contends that the ALJ committed error in finding that there were a significant number of jobs in the national economy that plaintiff could perform. The ALJ relied upon the testimony of a vocational expert. Plaintiff was 63 years old, had a high school equivalency degree, and no transferrable skills. (Tr. 233). Plaintiff's past relevant work as a truck driver had a medium exertional level. Plaintiff contends that based on the vocational grids, plaintiff would be deemed disabled on both sedentary and light grids. Four of the five jobs named by the vocational expert were in the sedentary to light exertional range. (Tr. 234-5). Plaintiff contends that counting these jobs was error.

Plaintiff also contends that the fifth job named by the vocational expert, a handle-machine operator, is a medium job, and does not exist in significant enough numbers to be considered. Also, the plaintiff points out that this job is classified as a SVP of 3, making it a semi-skilled job according to the Dictionary of Occupational Titles, 4th Edition, Volume 1, Occupational

Definitions, but that the vocational expert testified that this job had a SVP of 2.  As the ALJ confined plaintiff to performing simple unskilled tasks, it is error to consider a semi-skilled job in reaching the conclusion that there were jobs plaintiff could perform in significant numbers.

The Commissioner argues that relying upon the Grids would have been error, as plaintiff had no exertional limitations, but instead only non-exertional limitations; in that case, the Grids may be used as a framework but cannot be relied upon in determining whether plaintiff is disabled.  20 C.F.R. 0. 404, subpt. P, app 1 § 200.00(e)(2).

The Commissioner also points out the ALJ found that plaintiff could perform work at all exertional levels, except for some non-exertional limitations for his mental impairment.  (Tr. 20, 22).  If a plaintiff can perform work at the heavy exertional level, than he can perform work at the medium, light, and sedentary levels.  20 C.F.R. pt. 404, subpt. P., app1 § 204.00.

Finally, the Commissioner points out that a SVP does not refer to whether a job is skilled, semi-skilled, or unskilled.  SVP is the Specific Vocational Preparation which is defined at the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.  <u>Dictionary of Occupational Titles</u>, Appendix C.   SVP 2 is a job that requires anything beyond a short demonstration and up to one month to learn the techniques needed to perform the job.  SVP 3 is defined as a job that requires one month and up to three months to learn the techniques needed to do the job.  Consequently, the discrepancy between the vocational expert's testimony and the Dictionary is, according to the Commissioner, *de minimis* and did not substantially affect the overall determination of plaintiff's ability to perform work.

However, as pointed out by plaintiff, 20 C.F.R. § 404.1568 defines unskilled work as "work

4

which needs little or no adjustment to do simple duties that can be learned on the job in a short period of time....usually...in 30 days."  Consequently, the undersigned determines that the mistake made by the vocational expert that the job of machine-handler has an SVP of 2 instead of the correct 3 is not harmless error, as the rules define SVP 3 as being semi-skilled in terms of the time needed to acquire the skills necessary to perform the job.  Therefore, consideration of the machine-handler job was error.

However, if the other jobs identified by the vocational expert were identified properly, as asserted by the Commissioner, then those jobs would constitute sufficient numbers for plaintiff to be considered to be not disabled.  The other four jobs were unskilled jobs performed at the light exertional level.  Plaintiff's reliance on the Grids is not persuasive.  Eleventh Circuit case law explicitly states that exclusive reliance upon the Grids in the face of non-exertional limitations constitutes error.  "'Exclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.'"  Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir.1987); (quoting Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir.1985)). Ordinarily, when non-exertional limitations are alleged, vocational testimony is used. See Cowart v. Schweiker, 662 F.2d at 736; see also MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir.1986) ("When there have been non- exertional factors (such as depression and medication side effects) alleged, the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert."). Consequently, the vocational expert properly testified that there were jobs that could be performed in significant numbers, and the ALJ properly relied upon this testimony in

determining that plaintiff was not disabled.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.

**SO ORDERED**, this 15th day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd